IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v.  ) | Case No. 1:21-cr-168 |
| ) | |
| MYNOR ESAU JANDRES FLORES, ) | |
| Defendant.  ) | |

## ORDER

At issue in this prosecution for unlawful reentry, in violation of 18 U.S.C. § 1326, is the defendant's motion to dismiss the indictment on the grounds that § 1326 is unconstitutional. Dkt. 25. Specifically, the defendant argues that § 1326's predecessor was passed due to racial animus, that § 1326 has a disproportionate impact on Latino individuals, and that the statute therefore violates the equal protection guarantee of the Fifth Amendment. The issue has been fully briefed and oral argument will not aid the decisional process. The issue is therefore ripe for disposition. For the following reasons, the defendant's motion is denied.

. Defendant Jandres Flores was born in El Salvador in 1988. Defendant has been deported from the United States five times since 2013, most recently in May 2020. Mr. Flores subsequently returned and has been charged with a violation of 18 U.S.C. § 1326, which makes it illegal for any alien who "has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding" and subsequently "enters, attempts to enter, or is at any time found in, the United States." 18 U.S.C. § 1326. Rule 12(b)(3)(B), Fed. R. Crim. P, permits a court to dismiss a defective indictment, and an indictment is defective if it charges a violation of an unconstitutional statute. *United States v. Brown*, 715 F. Supp. 2d 688, 689 (E.D. Va. 2010). But defendant has not

1

established that § 1326(a) is facially unconstitutional, and accordingly dismissal of the indictment is inappropriate.

At the outset, it is important to note that the parties disagree as to the appropriate standard of review. Defendant argues that § 1326(a) should be subject to strict scrutiny, while the government argues that the statute is instead subject only to rational basis review. Arguments for both standards are discussed below.

Defendant argues that rational basis review is inappropriate, and that § 1326 should instead be reviewed under strict scrutiny because § 1326, although facially neutral, was passed for a discriminatory purpose and therefore violates the Equal Protection Clause of the Fifth Amendment. *See* Dkt. 25 at 3–4. The Supreme Court has held that "[w]hen there is a proof that a discriminatory purpose" motivated Congress to pass a law, that law should be subject to heightened scrutiny. *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 265–66 (1977). As proof of the discriminatory purpose of § 1326, defendant cites an allegedly pervasive climate of racist rhetoric in the 1920s (including the strengthening of the Ku Klux Klan, the passage of Jim Crow laws, and the rise of the eugenics movement), Dkt. 25 at 8–10, and records from congressional hearings and speeches "showing that racism and eugenics were a motivating factor" for enacting the 1929 law that first criminalized illegal reentry. Dkt. 25 at 19.

This historical context regarding the 1929 law, however, does little to suggest or establish any discriminatory purpose of the Immigration and Nationality Act of 1952, which is the law that defendant allegedly violated. There is no reason to conclude that any racial animus motivating an earlier law bears on the constitutional validity of a law passed more than twenty years later. Although defendant argues that "[t]he absence of any congressional statement in 1952 to vitiate

the racist origins and intent of the 1929 statute" demonstrates a continued discriminatory purpose, Dkt. 25 at 19, the Supreme Court has specifically cautioned that where "there is no indication that a subsequent Congress has addressed itself to the particular problem, we are unpersuaded that silence is tantamount to acquiescence." *Zuber v. Allen*, 396 U.S. 168, 185 (1969). The relevance of potentially racist motivation for the 1929 law, therefore, has no bearing on the constitutional validity of 18 U.S.C. § 1326, which is the statute at issue in this case and was enacted twenty three years after the evidence of alleged congressional animus cited by defendant. Accordingly, strict scrutiny does not apply to § 1326.

Other courts in this district have considered the same argument that strict scrutiny should apply to a facial challenge to 18 U.S.C. § 1326 and have rejected it. *See United States v. Cac-Chon*, No. 3:20-cr-61, ECF No. 27 at 4 (E.D. Va. Nov. 10, 2020) ("[E]ven if this Court accepted Defendant's analysis that Congress's primary purpose in passing the Undesirable Aliens Act of 1929 was discriminatory, it would be improvident and inappropriate to use that same basis to infer the intent of the 82nd Congress."); *United States v. Palacios-Arias*, No. 3:20-cr-62, ECF No. 29 at 6–7 (E.D. Va. Oct. 13, 2020) ("Even assuming[] [] that the Court can consider the discriminatory purpose that the defendant alleges motivated Congress to pass the Undesirable Aliens Act of 1929, this evidence has only marginal relevance to the defendant's challenge to the INA, passed by Congress twenty-three years later.").[1]

The government argues instead that § 1326 should only be subject to rational basis review because Congress enjoys expansive authority over immigration law. *See* Dkt. 29 at 6. As the Fourth Circuit has explained, "'over no conceivable subject is the legislative power of

---

[1] As defendant notes, the *Palacios-Arias* case is presently on appeal before the Fourth Circuit, *see United States v. Palacios-Arias*, No. 21-4020. That case has not yet been scheduled for oral argument before the Fourth Circuit.

3

Congress more complete than it is over' the admission of aliens." *Johnson v. Whitehead*, 647 F.3d 120, 126–27 (4th Cir. 2011) (quoting *Fiallo v. Bell*, 430 U.S. 787, 792 (1977) (internal citation omitted)). Recent Supreme Court cases "have reaffirmed and applied [this] deferential standard of review across different [immigration] contexts and constitutional claims." *Trump v. Hawaii*, 138 S. Ct. 2392, 2419 (2018). And rational basis review "is quite deferential. It simply requires courts to determine whether the classification in question is, at a minimum, rationally related to legitimate governmental goals." *Wilkins v. Gaddy*, 734 F.3d 344, 347–48 (4th Cir. 2013).

Section 1326 easily satisfies rational basis review. The government has a legitimate in securing its borders and deterring those who seek to enter the United States unlawfully. The Supreme Court has explained that "[i]t is axiomatic that the United States, as sovereign, has the inherent authority to protect, and a paramount interest in protecting its territorial integrity." *United States v. Flores-Montano*, 541 U.S. 149, 153 (2004); *see also United States v. Ayala-Bello*, 995 F.3d 710, 715 (9th Cir. 2021) (explaining that the federal government "has a legitimate interest in controlling our borders."). Section 1326 plays a vital role in border control efforts, for the statute makes it illegal for those who have been lawfully removed from the United States to unlawfully reenter. This punishment clearly furthers the government's legitimate interest in border control, as the law sanctions those who disregard a previous deportation order. The law therefore serves an important purpose plainly linked to a significant government interest, and passes rational basis review.

Accordingly,

It is hereby **ORDERED** that defendant's motion to dismiss the indictment, Dkt. 25, is **DENIED**.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
October 27, 2021

/s/
T. S. Ellis, III
United States District Judge